HENRY TIEBOUT ET AL. v. LOUISA J. MILLICAN ET AL.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Abandonment.*—It is competent for the surviving widow of a decedent to abandon and relinquish to the estate of her deceased husband her right to demand or receive the benefit of any allowance made her.

*Same.*—And it was competent for her to do so by contract, or she might do so *sue volente*, upon any reason or consideration satisfactory to herself.

*Same—Estoppel.*—Where one has thus abandoned a right, as evidenced by acts or non-action which have let others justly and reasonably to believe that he has so

abandoned his right, notwithstanding he may not have intended to abandon it, he will be concluded from asserting it against such others, by the doctrine of equitable estoppel.

*Same.*—Note the opinion for facts stated in the pleadings, which, if taken as true, would operate to defeat the claim of the surviving wife, for interest at least, on the balance of award, even though it be shown as a fact, she did not intent to abandon her claim.

*Same—Stale Demand.*—If, as charged in the pleadings, the abandonment was actual and intentional, the apdellee cannot now assert her claim. To attempt such after the lapse of about twenty-eight years would be to attempt the assertion of a stale demand.

Appeal from Robertson county.

### STATEMENT.

This was a proceeding begun in the county court of Robertson county by Mrs. Louisa Millican, (who was at the death of Glover W. Banton, deceased, his surviving widow,) filed in the year 1880, for the purpose of enforcing the payment of an allowance, made for her benefit, at the December term of that court A. D. 1855, in lieu of the homestead and exempt property.

On the 19th of May, 1882. her application was heard; and the court adjudged, that it appeared of record, that there remained due her, on account of said allowance, made December 31, 1855, a balance of $386.00, and adjudged that E. C. Jackson, administrator *de bonis non* of the estate of said Glover W. Banton, pay to her the sum, with legal interest thereon, up to said date.

An appeal was taken to the District Court from this judgment by W. A. Hammond and Henry Tiebout, intervenors. The pleadings in the District Court are voluminous and for the purposes of this appeal need not be fully stated. W. H. Hammond filed a petition, or plea of opposition, to the application of Mrs. Millican, in behalf of himself and others whose interests as creditors of said estate he represented, to which he afterwards filed an amendment as a repleador, and at the trial filed also a trial amendment.

These pleadings, in substance, charged, that an allowance of $800 was made for the widow in 1855, that she was at the time in the possession of $3000 worth of the property of the estate, and by mutual forbearance and acquiescence of all the parties she was permitted to retain, and which she accepted and retained, in full satisfaction

and settlement of all claims against said estate, and of all demands of the administration and creditors of said estate against her ; that it was mutually and expressly contracted and agreed between themselves, said Louisa J. Banton, for herself, and said Williams, in his capacity as administrator of said estate, that said Louisa J. Banton should accept and retain said property, taken and appropriated by her, as aforesaid, in full satisfaction of said order of court, and of any and all claims and demands of said estate against her for said property, and that the same should be a full and final settlement of all claims ; and the same was from that time forward mutually and expressly understood and agreed and acted on by said parties, by reason of all of which her said claim is entirely paid off and satisfied.

To which the appellees filed general and special exceptions, which were sustained by the court.

The appellants assign as error the above stated ruling.

### OPINION.

The question presented under the assignment complaining that the court sustained exceptions to the amended pleadings of the appellants does not question the conclusiveness of the judgment or order of the county court in 1855, making an allowance to Mrs. Millican, as the then surviving widow of her former deceased husband, nor does it inoolve the proposition as to whether the indebtedness or the liability of the widow to the estate, may be interposed as a setoff or counter claim against the enforcement of an order allowing her a stipulated amount, in lieu of homestead and exempt property. The authorities cited in the brief of counsel for appellee imply that they regarded the question before us as involving the considerations above suggested.

The true question made by the appellants was whether Mrs. Millican relinquished and abandoned the allowance that was made to her under circumstances that now conclude her from asserting any claim to the enforcement of the order of the county court making it. The amended plea of opposition alleged that if the allowance of $800, made to her, of $414 was paid to her at or about the time of the allowance, that she was in possession of the property belonging to the estate to the value of $3000, which she had taken wrongfully and in violation of the rights of the creditors of the estate. That no steps were taken by T. B. Williams, the administrator, during

his life to recover the same from her; that one Feency was appointed administrator *de bonis non* in 1858, after the appropriation by Mrs. Millican of said property ; that more than two years had elapsed after said appropriation and that all rights of action against her had become barred and lost by lapse of time. That Mrs. Millican did not afterwards demand the payment of said balance of $386, but abanndoned her claim against the estate, well knowing that she had in her possession, as aforesaid, property belonging to said estate largely more than the balance due her from said estate, for the satisfaction thereof ; nor did the administrato or the creditors demand of her the restitution of said property, but by mutual forbearance, and acquiescence on the part of all of the said parties, said Louisa J. Banton, (Mrs. Millican,) was permitted to retain said property, and the same was so accepted and retained in full satisfaction and settlement of all claims in favor of said Louisa J. Banton against said etate, and of all demands of the administration and creditors of said estate against her."

Undoubtedly, it was competent for Mrs. Banton, (afterward Mrs. Millican) to abandon and relinquish to the use of the estate of her deceased husband her right to demand or receive the benefit of the allowance that was made to her.

It was competent for her to thus relinquish it by a contract entered into by her for that purpose, or she might *sua volente*, do so upon any reason or consideration satifactory to herself. And if one has apparently thus abandoned a right, as evidenced by acts or non-action, which have led others justly and reasonably to believe that he has so abandoned his right, notwithstanding he may not have intended to abandon it, he will be concluded from asserting it againrt such others by the doctrine of equitable estoppel.

The facts alleged being taken as true, it would seem that the long acquiescence on the part of Mrs. Millican, it otherwise left unaccounted for, would at least afford evidence of an intention to abandon her right to demand the unpaid balance, and operate to estop her certainly from claiming interest on the same, even though, as a fact, it should appear that the did not intend to abandon her claim. If her seeming acquiescence and satisfaction with the amount, $414, actually received, and the use and benefit realized by her from other property, during a period of about twenty-eight years, had the effect to induce the administrator and the creditors to believe and rely

on the fact that she had abandoned all claim for further payment of her allowance, she would occupy a position forbidding any pretentions for a claim to interest on the claim, which is allowable on the principle of compensation to be given for withholding the payment of a demand due and claimed by the beneficiary.

If creditors and the administrator had been led by her acts to rely udon her non claim of the amount of balance asserted now to be due, soe will be estopped from claiming the right to charge the common fund in the hands of the administrator for the payment of creditors, with the interest on said balance, although, in fact, to abandon her claim. (Sec. 2, Story Eq. secs, 1534, 1535, 1536.)

The appellants charge in their pleadings actual abandonment in intention, and in fact. If Mrs. Millican did abandon her said claim, and so intended to do, she cannot now assert it. Her demand at this late day would be a stale demand. (See Vogelsang vs. Dougherty, 46 Tezas, 467.)

Lapse of time will create the presumption that parties have waived or settled their rights, and hence stale claims are discountenanced, unless attended with circumstances that will repel such presumption. (DeCordova vs. Smith,9 Tex., 129.) See also (Glasscock vs. Nelson, 26 Tex. 150, and see 2 Story, Esq., sec. 1552,) and authorities there, for the report of an English case, in which, as no excuse for the delay was given, the learned judge said : "I haAe thought that a due regard to justice and the necessity of compelling parties to enforce their demands with diligence, require me to dismiss this bill."

A right in land or a chattel may be abandoned. "Abandonment" (said Chief Justice Wheeler, in Dikes vs. Miller, 24 Tex. 424) "is the relinquishment of a right ; the giving up of something to which one is entitled. If the owner sees proper to abandon. his property, and evidences his intention by an act legally sufficient to vest or divest the ownership, why may he not do so in the case of land, as well as of a chattel?" * ᵇ And, "It would seem, that there is nothing in principle to prevent the owner from abandoning his right of property in land, provided the intention to do so be evidenced by an act or deed legally sufficient to operate a divestiture of his title."

We are of the opinion that the court erred in sustaining the exceptions of the appellee to the amended pleadings of the appellant,

and that the judgment, therefore, ought to be reversed and the case remanded.

Report of Commissioners of Appeals examined, their opinion adopted, and the judgment reversed and the cause remanded.

Reversed and remanded on report of Walker, Presiding Commissioner.